UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN W. DUNIGAN,

           Plaintiff,

    v.

LEANN LUNDY, et al.,

           Defendants.

No. 2:25-cv-3363 CSK

ORDER

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

## I.    SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II.   PLAINTIFF'S COMPLAINT

Plaintiff's complaint, with exhibits, is 429 pages long.  (ECF Nos. 1, 1-1.)  Plaintiff names 61 defendants, including (but not limited to) prison officials at California State Prison-Los Angeles County, the California Attorney General, President Trump, Governor Newsom, the Walt Disney Corporation and former Presidents Obama and Biden.  (ECF No. 1 at 2-21.)  After reviewing plaintiff's complaint, this Court cannot determine what specific allegations plaintiff makes against each separate defendant and the legal claims plaintiff raises against the defendants.

## III.   DISCUSSION

This Court finds that plaintiff's complaint does not contain a short and plain statement of the claims, as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Plaintiff's complaint does not give defendants fair notice of the claims and grounds upon which they rest. See Twombly, 550 U.S. at 555.  Plaintiff's claims are so vague and conclusory that this Court cannot determine whether plaintiff states potentially colorable claims for relief.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient). Accordingly, plaintiff's complaint is dismissed with leave to amend.  **The amended complaint shall be no longer than 25 pages in length including exhibits and shall contain a short and plain statement of any claim for relief as required by Rule 8(a)(2).**  Plaintiff's failure to comply with the provisions of this order will result in a recommendation of dismissal of this action.

## IV.   LEGAL STANDARDS GOVERNING AMENDED COMPLAINTS

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g.,

West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V.    OTHER PLEADINGS

Plaintiff filed a pleading docketed as a first amended complaint.  (ECF No. 4.)  This pleading is titled, "Motion to Vacate an Arbitrary and Capricious Adverse Transfer With Addendum Complaint."  (Id.)  It is not clear to this Court whether plaintiff intended this pleading as an amended complaint.  To the extent plaintiff intended this pleading to supplement the original complaint, plaintiff is reminded that piecemeal amendment of complaints is not permitted.  See Local Rule 220.  Because the relief sought in this pleading is not clear, no further orders will be issued addressing this pleading.

Plaintiff filed a pleading docketed as "Motion for Three Judge Panel."  (ECF No. 5.)  Because the relief sought in this pleading is not clear, no further orders will be issued addressing this pleading.

Plaintiff filed a pleading docketed as a declaration.  (ECF No. 10.)  This pleading is titled, "Sovereign Motion for a Nation … Heterosexuals Re-affirming for Bastille  Relief."  (Id. at 1.)

4

Because the relief sought in this pleading is not clear, no further orders will be issued addressing this pleading.

**VI.     CONCLUSION**

This Court observes that plaintiff is housed in California State Prison-Los Angeles County.  Los Angeles County is located within the Central District of California.  Plaintiff's claims regarding conditions of confinement at California State Prison-Los Angeles County should be raised in a complaint filed in the United States District Court for the Central District of California.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

///

///

///

5

5.  No further orders will be issued addressing the pleadings docketed as First Amended Complaint (ECF No. 4), Motion for Three Judge Panel (ECF No. 5) and Declaration (ECF No. No. 10).

Dated:  April 28, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Dun3363.14/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN W. DUNIGAN,

           Plaintiff,

     v.

LEANN LUNDY, et al.,

           Defendants.

No.  2:25-cv-3363 CSK

NOTICE OF AMENDMENT

Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

       ☐     Amended Complaint

     (Check this box if submitting an Amended Complaint)

DATED:

               _____
               Plaintiff

7